# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Abdul Hakiym Ismaiyl,** | ) | **CASE NO. 1:18 CV 2984** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Donald C. Nugent,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the complaint of plaintiff Abdul Hakiym Ismaiyl ("plaintiff") against defendant Donald C. Nugent ("defendant") (Doc. 1), and on plaintiff's motion to proceed with this matter *in forma pauperis* (Doc. 2). The motion to proceed *in forma pauperis* is granted. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

The instant complaint is related to a closed civil action in the Northern District of Ohio, Case No. 1:16-cv-1314 ("Closed Case"). In the Closed Case, Ismaiyl sued the mother of his children, a case worker for the Cuyahoga County Department of Children and Family Services, a judge and a magistrate of the Cuyahoga County Juvenile Court, Cuyahoga County prosecutors, and a court-appointed guardian ad litem, alleging that these defendants conspired against him in a prior child-custody case and a criminal prosecution that was pending at the time in the Cuyahoga County Court of Common Pleas. *See Ismaiyl v. Brown*, No. 16-4308, 2018 WL 2273671, at *1 (6th Cir. Mar. 22, 2018). On September 1, 2016, defendant dismissed the

Closed Case pursuant to 28 U.S.C. § 1915 (Closed Case Docs. 8, 9).  Ismaiyl filed a motion to alter or amend judgment, and a motion for relief from judgment and to reopen the Closed Case, both of which were denied by defendant (Closed Case Docs. 12, 19).  In both post-judgment motions, Ismaiyl argued that alleged errors by defendant regarding his claims led to the improper dismissal of the Closed Case (*see* Doc. 1 at 12, ¶ 12; *id*. at 16, ¶ 16).

Ismaiyl appealed defendant's rulings on both post-judgment motions in the Closed Case to the United States Court of Appeals for the Sixth Circuit (Closed Case Doc. 20).  Plaintiff states in the instant complaint that defendant's alleged use of erroneous facts was raised before the Sixth Circuit on appeal (*see* Doc. 1 at 19, ¶ 20).  The Sixth Circuit affirmed defendant's rulings on both post-judgment motions in the Closed Case, and the United States Supreme Court denied Ismaiyl's petition for a writ of certiorari.  *Ismaiyl*, 2018 WL 2273671, at *3, *cert. denied,* 139 S. Ct. 332 (2018).

In the instant complaint, plaintiff recounts in great detail the proceedings in the Closed Case.  He contends that defendant deliberately used erroneous and false facts in decisions rendered in the Closed Case, and that the Sixth Circuit deferred to defendant's alleged use of false facts in affirming defendant's rulings in the Closed Case.  Plaintiff contends that because of defendant's alleged "fraudulent misrepresentation" of Ismaiyl's claims, the Closed Case was not adjudicated on the merits and he was deprived of his right to substantive and procedural due process under the Fourteenth Amendment  (*see* Doc. 1 at 19-33, ¶¶ 20, 21, 25, 29, 30, 32, 35, 36).  For relief, plaintiff requests that defendant's judgment in the Closed Case not be enforced and be vacated (*id* at 21, ¶ 22; *id*. at 34 ).

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564.

A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk,* 99 F.3d at 197). That said, the Court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## **DISCUSSION**

Plaintiff claims that this matter is an "action in equity" brought "to vacate a judgment" (Doc. 1 at 5). He brings this action against a federal district court judge alleging the violation of certain constitutional rights, and the Court construes this matter as a *Bivens* action. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

### **Defendant is Immune from Suit**

As a federal district court judge, defendant is immune from suits seeking monetary damages or equitable relief. *See Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (collecting cases). "Absolute judicial immunity protects the finality of judgments and discourages inappropriate collateral attacks." *Johnson v. Edgar*, No. 2:14-CV-256, 2015 WL 869320, at *1 (W.D. Mich. Feb. 27, 2015) (citing *Forrester v. White,* 484 U.S. 219, 225 (1988)). And, while there is no evidence here of any such conduct on the part of defendant, "[j]udicial immunity 'applies even when the judge is accused of acting maliciously and corruptly,' because such immunity benefits 'the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Id*. (quoting *Pierson v. Ray,* 386 U.S. 547, 554 (1967) (further citation omitted)).

Absolute judicial immunity is overcome only where the actions at issue were not taken in the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991) (citations omitted). Neither exception applies here with respect to the Closed Case – defendant acted within his jurisdiction and was performing his judicial function.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because defendant is immune from suit and, because, plaintiff fails to state a plausible claim upon which relief can be granted. *Johnson,* 2015 WL 869320, at *1 ("The availability of absolute judicial immunity is the proper subject of a Rule 12(b)(6) motion to dismiss.") (citing *Barnes v. Winchell,* 105 F.3d 1111, 1115 (6th Cir. 1997)).

**Collateral Attack Doctrine Bars Instant Action**

This action is also barred by the collateral attack doctrine. "'A collateral attack is a tactic whereby a party seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court.'" *In re I.E. Liquidation, Inc.*, No. 06-62179, 2015 WL 1568248, at *9 and n.2 (Bankr. N.D. Ohio Apr. 1, 2015) (quoting *Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004)). "[T]he collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Id*. (quoting *Hobart Corp. v. Dayton Power & Light Co.*, 997 F. Supp. 2d 835, 850 (S.D. Ohio 2014)) (emphasis removed and internal quotation marks and further citation omitted). "'[E]ven though an action has an independent purpose and contemplates some other relief, it is a collateral attack if it must in some fashion overrule a previous judgment.'" *Harbinger Capital Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1265 (D. Colo. 2015) (quoting *Meinhard–Commercial Corp.,* 462 F.2d 358, 360 (5th Cir. 1972)); *see*

*also Celotex Corp. v. Edwards,* 514 U.S. 300, 313 (1995) ("We have made clear that [i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotations omitted) (quoting *Walker v. Birmingham*, 388 U.S. 307, 314 (1967) (further citation omitted)).

Here, plaintiff seeks to vacate the judgment of the Closed Case due to alleged errors committed by defendant. In so doing, plaintiff necessarily attacks and seeks to circumvent the judgment in the Closed Case, the Sixth Circuit's decision affirming the judgment in the Closed Case, and the Supreme Court's decision to deny Ismaiyl's petition for a writ of certiorari. Plaintiff acknowledges that the issues he raises in the complaint were argued in his post-judgment motions in the Closed Case and on appeal to the Sixth Circuit (*see* Doc. 1 at 12, ¶ 12; *id*. at 16, ¶ 16; *id.* at 19, ¶ 20). The instant action is an impermissible collateral attack upon the judgment in the Closed Case and, for this additional reason, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 1/7/19